UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARC JEFFREY BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00171-TWP-DML |
| ) | |
| MIKOLAS LAYTON, ) | |
| STEVEN PARKS Sgt., ) | |
| TWO OTHER OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Leave to Proceed *In Forma Pauperis* and Dismissing Complaint**

This matter is before the Court on Plaintiff's Motion to Proceed in forma pauperis and for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is **granted.** Notwithstanding the foregoing ruling, the filing fee is still accessed. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion.

*Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010).

Plaintiff Marc Brooks brings this action against defendants Nikolas Layton, Sgt. Steven Parks, and two other unnamed law enforcement officers. He purports to bring this action pursuant to 42 U.S.C. § 1983, and in support of his claims, alleges the following facts:

On July 21, 2015, Mr. Brooks was riding his bicycle at night on the street in Indianapolis when he was struck by a car, and the driver of the car left the scene of the accident without stopping. Law enforcement officers and emergency medical personnel arrived at the scene. Mr. Brooks gave a statement to unnamed law enforcement officers before being taken to the hospital for treatment of his injuries. No more than three days later, Mr. Brooks saw the vehicle that struck him parked at a residence in Indianapolis. Mr. Brooks's final factual allegation, although difficult to discern, appears to be that he submitted a complaint or claim for compensation to the police department regarding the incident on July 21, 2015, and he sent it to the attention of defendant Nikolas Layton.

As written, Mr. Brooks factual allegations are insufficient to state a viable § 1983 action against the defendants. First, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Therefore, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Mr. Brooks's allegations do not establish that any constitutional or other federal right was infringed, and thus fail to state a viable § 1983 claim.

Second, even if the allegations were sufficient to establish the violation of a constitutional or other federal right, the claims would be dismissed because Mr. Brooks does not allege wrong doing on the part of the either defendant. Only persons who cause or participate in violations are responsible for them. *See Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir. 1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996). And Mr. Brooks has failed to allege any facts showing that Nikolas Layton or Sgt. Steven Parks personally participated in depriving him of any constitutional right.

Finally, as to the defendant unnamed law enforcement officers, claims against them are also dismissed because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

**III**.

For the reasons stated above, Mr. Brooks's complaint must be dismissed for failure to state a claim upon which relief may be granted. Mr. Brooks shall have **through February 22, 2016 to** amend his complaint or, in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

The clerk is **directed** to change the name of defendant "Mikolas Layton" to "Nikolas Layton" on the docket.

**IT IS SO ORDERED.**

Date: 1/25/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARC JEFFREY BROOKS
3844 Esquire Court
Indianapolis, IN 46226