UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARC JEFFREY BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00171-TWP-MPB |
| ) | |
| MIKOLAS LAYTON, ) | |
| STEVEN PARKS Sgt., ) | |
| TWO OTHER OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Second Post-Judgment Motion**

Presently pending before the Court is the Plaintiff's motion that is construed as a second post-judgment request for leave to file an amended complaint. The Court dismissed the plaintiff's complaint at screening, but gave the plaintiff an opportunity to amend his complaint to cure the deficiencies identified by the Court. The plaintiff did not respond to the Court's order and thus final judgment was entered[1]. The plaintiff moved to file an amended complaint, and that motion was denied for the reasons set forth in the Court's March 18, 2016 Entry. The plaintiff has now renewed his request for leave to file an amended complaint.

As was the case with his previous post-judgment motion for leave to file an amended complaint, such a motion following the entry of final judgment must be denied, since "a party cannot request leave to amend following a final judgment unless that judgment has been vacated." *Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000). Because the judgment has not been vacated, leave to file an amended complaint is inappropriate.

---

[1] Mailings sent to the Plaintiff were returned as undeliverable on February 18, February 19, and April 4, 2016. (Dkts. 6, 7 12). The Court acknowledges that Plaintiff's delay in responding timely to the Court's show cause order may be due to Plaintiff's failure to maintain an accurate address with the Clerk.

To the extent that the plaintiff's motion could again be construed as a timely filed Rule 59(e) motion, that motion too must be denied. The purpose of a Rule 59(e) motion is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013).

Neither the plaintiff's motion, nor the proposed amended complaint attached thereto, show that the Court's screening dismissal of his claims was based on a manifest error of law or fact. The primary thrust of the plaintiff's proposed amended complaint is, again, that he is attempting to challenge a police investigation and alleged breaches in police protocol and guidelines. Similar to the Court's conclusion in its screening order, such an allegation does not implicate a constitutional right such that the plaintiff has stated a 42 U.S.C. § 1983 claim. *See Rossi v. Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("[The plaintiff] does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction."). "[M]ere inactivity by police does not give rise to a constitutional claim," and "the plaintiff must also show that the police's actions harmed his ability to obtain appropriate relief." *Id.* at 735-36. The plaintiff makes no allegation regarding how the alleged inadequate investigatory actions harmed his ability to obtain any appropriate relief. Therefore, because the plaintiff has not identified a federal constitutional right of which he was allegedly deprived, it was not a manifest error of law for the Court to determine that his complaint failed to state a claim under 42 U.S.C. § 1983.

For these reasons, the plaintiff's motion renewed for leave to file an amended complaint [dkt. 14] must be **denied**.

**IT IS SO ORDERED.**

Date: 4/18/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARC JEFFREY BROOKS
4474 Courtfield
Indianapolis, IN 46254